THE FIRST NATIONAL BANK OF AFTON v. ELLIOTT ET AL.

1. **Promissory Note**: USURY: VERDICT AGAINST EVIDENCE. The finding of a jury that a note was usurious held contrary to the evidence under the instructions. ADAMS, CH. J., *dissenting*.

*Appeal from Union District Court.*

TUESDAY, OCTOBER 5.

ACTION on a promissory note. The defense pleaded was that the defendant Elliot borrowed of one Camp $410, for which he agreed to pay thirty-six per cent interest per annum, and the defendants executed a promissory note to Camp therefor; that said note was assigned by Camp to D. D. Gregory. This note was taken up and a new note given Gregory, which he assigned to the plaintiff. In the place of the latter, the defendants gave the plaintiff the note sued on, at which time defendants agreed to pay twelve per cent interest per annum; that the plaintiff well knew there was usury in all the foregoing notes.

In a reply the plaintiff pleaded the defense set up in the answer had been fully adjudicated in a previous action between the same parties in the Circuit Court. There was a trial by jury, verdict, and judgment for the plaintiff for $410. The plaintiff appeals.

*McDill & Sullivan*, for appellant.

No appearance for appellees.

SEEVERS, J.—The court instructed the jury as follows:
" If you find from the evidence that D. D. Gregory indorsed

1. PROMIS-
SORY note:
usury: ver-
dict against
evidence.

the note given to him by the defendants to the plaintiff, and the latter, after such indorsement, * * brought suit upon said note in the Circuit
Court, * * and that the defendant Elliott was notified of
the pendency of said suit, and appeared in person and * *
filed an answer setting up the plea of usury; then if you
further find that after such answer was filed, and said plea of
usury was set up, that the plaintiff, in this action and in
that action, and the defendant entered into a written agree-
ment by which said suit was dismissed and settled, and * *
Elliott was to pay the costs, and that after such written agree-
ment and settlement the note in suit and now before you
for consideration was renewed by the said * * Elliott to
the plaintiff in this action for a debt owing from D. D. Greg-
ory to the plaintiff in this case, then in such case the plain-
tiff is entitled to recover, and you will so find."

The plaintiff did not except to this instruction, but the de-
fendants did. The latter, however, have not appealed. Under
these circumstances we have no occasion to pass upon the
correctness of the instruction. It must be regarded as the
law of the case.

It will be observed it was made a material question
whether the note sued on had been given for a debt due
the plaintiff by Gregory. The jury found specially the note
was not given for a debt due the plaintiff by Gregory.

This finding is in direct conflict with the evidence. The
only witnesses introduced on the trial were the defendant
Elliott, Emmons the clerk of the court, Sullivan, and Davis,
cashier of the plaintiff. The two latter only gave evidence
tending to show whether Gregory was indebted to the plain-

tiff, and whether the note had been transferred in liquidation or payment of such indebtedness. The only conclusion that can possibly be drawn from such evidence is that the note was transferred to the plaintiff for a debt owing it from Gregory. There is not a particle of evidence to sustain the special finding.

Under the evidence the jury must and could only have found the other things mentioned in the instruction to be true. It, therefore, follows the verdict is clearly against the evidence. It should have been set aside and a new trial granted.

REVERSED.

ADAMS, CH. J., *dissenting.* I think that the verdict is not contrary to the evidence, properly considered. Suppose the fact to be as claimed, that the plaintiff had taken the note in suit in satisfaction and discharge of the claim against Gregory, it is not the less true that so far as the defendant is concerned the note in suit was given in renewal of a former note which was usurious. The sole consideration which moved to the defendant was the cancellation of the former note, and that is the material consideration. He gave the note for his own former note, and I think that the jury properly found that, looking at the matter from the defendant's standpoint, which was the proper way to look at it, the defendant did not give the note for the debt due from Gregory.